# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| JOSEPH LAMANNA, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | CASE NO. _____ |
| | ) | |
| HENDERSONVILLE POLICE | ) | JURY DEMAND |
| DEPARTMENT, CITY OF | ) | |
| HENDERSONVILLE, TENNESSEE, | ) | |
| AND LEE CHAMBERS in his official | ) | |
| and individual capacity | ) | |
| | ) | |
| **Defendant(s)** | ) | |

---

## COMPLAINT

---

COMES NOW the Plaintiff, Joseph Lamanna (hereinafter "Plaintiff"), by and through counsel, and files his Complaint joint and severally as follows against the Defendant(s), Hendersonville Police Department (hereinafter "Defendant HPD"), City of Hendersonville, Tennessee (Defendant Hendersonville), and Lee Chambers in his official and individual capacity (hereinafter Defendant Chambers) seeking relief and redress under 42 U.S.C. § 1983, which authorizes action to redress the deprivation, under color of state law, of rights, privileges, or immunities secured to Plaintiff by the Fourth and Fourteenth Amendments to the Constitution or laws of the United States of America. Plaintiff further seeks relief against Defendant Chambers in his individual capacity and/or official capacity for the intentional and willful acts perpetrated against his person and property pursuant to state common law.

# INTRODUCTION

In requiring a warrant to search a cell phone seized incident to arrest, the Supreme Court recognized the ubiquity and centrality of modern cell phones to daily life, acknowledging they are "minicomputers" with "immense storage capacity" for holding or accessing "detailed information about all aspects of a person's life," including all manner of private, personal, and proprietary data. *Riley v. California*, 573 U.S. 373, 393–96 (2014). The data contained on or accessed through a modern cell phone allow police to reconstruct "[t]he sum of an individual's private life" through accessing "millions of pages of text, thousands of pictures, or hundreds of videos," as well as "photographs, picture messages, text messages, Internet browsing history, a calendar," contact lists, various apps, and numerous other items. Id. at 394. The Riley case involved confiscation of a cell phone incident to an arrest, whereas this cause of action did not even rise to that level of detention. Thus, obviating the egregious acts of Lee Chambers as a detective with the Hendersonville Police Department.

By confiscating and retaining Plaintiff's cell phones through physical force for a prolonged time without promptly seeking a warrant or providing an opportunity for judicial review, Defendant(s) violated or are violating the United States and Tennessee Constitutions. This Court's intervention is urgently necessary to enforce Plaintiff's bedrock constitutional rights against unreasonable search and seizure and deprivation of property without due process.

It is incumbent upon this Court through declaratory judgment and a jury by verdict to admonish Defendant Lee Chambers who has demonstrated a callous lack of accountability and flagrant arrogance for his depriving Plaintiff of his constitutional rights through physical force and seizure. These acts are motivated by a culture of being above the law arising out of their sense of qualified immunity and a spirited "thin blue line" that refers to police as the line between order

and chaos in society. However, Defendant Chambers wreaked the havok to be avoided by law and order.

At all times relevant to this Complaint, Defendant(s) were acting under the color of law with a deliberate indifference and reckless disregard for Plaintiff constitutional rights.

At all times relevant to this Complaint, Defendant(s) had no reasonable suspicion or probable cause for the alleged acts averred herein.

## PARTIES

1.    The Plaintiff, Joseph Lamanna, (hereinafter referred to as Plaintiff) is an adult resident and citizen of Sumner County, Tennessee, residing in Hendersonville, Tennessee.

2.    Defendant City of Hendersonville (hereinafter referred to as Defendant Hendersonville) is a governmental entity and political subdivision of and within the State of Tennessee and conducts their principal business at 101 Maple Drive North, Hendersonville, Tennessee, 37075. Defendant Hendersonville is an employer of Defendant Chambers. Defendant Hendersonville has direct supervisory authority over Defendant HPD, Defendant Chambers, and its officers. Defendant HPD's policies are Defendant Hendersonville's policies for purposes of municipal liability.

3.    Defendant Hendersonville Police Department (hereinafter referred to as Defendant HPD) qualifies as an instrument[ality] of government created by one (1) or more local governmental entities being Defendant Hendersonville. In the alternative, Defendant HPD is a governmental entity. Defendant HPD is an employer with direct supervisory authority over Defendant Chambers and conducts their principal business at 3 Executive Park Drive, Hendersonville, Tennessee 37075.

3

4. Upon information and belief, Defendant Lee Chambers (hereinafter referred to as Defendant Chambers) is an adult resident and citizen of the State of Tennessee. Defendant Chambers is employed as a detective by Defendant HPD and/or Defendant Hendersonville. At all times, Defendant Chambers was acting within the scope and course of his employment and thus Defendant(s) Hendersonville and HPD are vicariously liable as his employers. **Defendant Chambers should also be jointly personally and financially responsible for any disbursement and payment of damages above and beyond that of the other Defendant(s). This is necessary for the purposes of deterrence of such future conduct and accountability.**

5. All Defendant(s) may be served process via the city attorney, Lance Wray, at 101 Maple Drive North, Hendersonville, Tennessee, 37075 as stipulated in an electronic message to counsel for Plaintiff.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this matter under 28 U.S.C. § 1331 with this Complaint arising under a violation of rights conferred by the Constitution of the United States of America.

7. Jurisdiction of this Court is invoked under 28 U.S.C. § 1343(a)(3) because this action seeks redress for a deprivation, under color of state law, of rights secured to Plaintiff by the Fourth Amendment to the Constitution of the United States of America.

8. Plaintiff asserts claims for relief under 42 U.S.C. § 1983, which authorizes action to redress the deprivation, under color of state law, of rights, privileges, or immunities secured to Plaintiff by the Constitution or laws of the United States of America and 42 U.S.C. § 1988, which authorizes the award of attorney's fees and costs to prevailing plaintiffs in actions brought under 42 U.S.C. § 1983.

4

9.      This Court is a proper venue for this action pursuant to 28 U.S.C. § 1391(b)(1) and 28 U.S.C. § 1391(b)(2) because one or more Defendant(s) reside in this judicial district. Additionally, a substantial part of the events or omissions giving rise to this claim occurred within this judicial district.

10.     This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367 because the state law claims are so related to the claims over which the Court has original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

11.     The Court may award damages and grant declaratory and injunctive relief for constitutional violations pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 2201, Federal Rules of Civil Procedure 57 and 65.

12.     Plaintiff shall file a motion for expedited discovery to obtain video and documents pertaining to this incident which Defendant(s) refuse to provide claiming "investigation" exception under the Tennessee public records statute(s).

13.     Plaintiff reserves the right to amend this Complaint after having sufficient opportunity to obtain additional facts from reviewing such video and/or documents.  Defendant(s) have provided limited records under a public records request that surreptitiously contained no table of contents, index, or appendix and were heavily redacted to frustrate Plaintiff.

**STATEMENT OF FACTS**

14.     At all times relevant to this Complaint, Defendant(s) were acting under the color of law.

15.     On November 6, 2024, Defendant Chambers arrived at Plaintiff's residence seeking to communicate with him.  Plaintiff was not at his residence at this time.  Defendant Chambers provided a business card to Plaintiff's roommate who answered the door.

16.     On November 6, 2024, Plaintiff contacted Defendant Chambers on the phone. Defendant Chambers requested a meeting with Plaintiff to which Plaintiff consented.  There was an agreement to meet the following day.

17.     On November 7, 2024, Plaintiff arrived at the Hendersonville Police Department to confer with Defendant Chambers.  Defendant Chambers instructed Plaintiff to enter a certain room and to sit in a particular chair with a camera facing towards Plaintiff.

18.     Defendant Chambers and Plaintiff communicated with each other about sensitive material that Defendant Chambers from his perspective thought may be on one or more cell phones.  One of the two cell phones was a work phone.  The two cell phones consisted of an iPhone (13, 14, or 15 model) and Samsung Fold 5.

19.     Plaintiff communicated to Defendant Chambers that there were two phones which were around one years old and the alleged sensitive material would have been several years old if they existed and thus could not be on the cell phones.

20.     Plaintiff adamantly denied there was any sensitive material that Defendant Chambers sought to search on either cell phone or possessed any such alleged sensitive material.

21.     Defendant Chambers requested to examine each phone to which Plaintiff denied.

22.     Plaintiff had sensitive material on one phone that involved previous romantic relationships not pertaining to the subject matter for which Defendant Chambers was seeking to investigate.  Defendant Chambers was seeking information about alternative subject matter.

23.     Defendant Chambers threatened to acquire a warrant to obtain the two cell phones. This demonstrates that Defendant Chambers had actual knowledge that a search warrant was required under the law.

24.     Plaintiff responded once again that the cell phones were much newer than the timeline of the alleged sensitive material Defendant Chambers sought and that the conversation was over.  Plaintiff adamantly denied ever possessing such sensitive material in the context for which Defendant Chambers was investigating.

25.     Plaintiff had provided a contextual explanation of historical facts which was not sufficient for Defendant Chambers.  The fact that Plaintiff was never charged by another jurisdiction previously further exculpated Plaintiff.

26.     Plaintiff inquired if he was under arrest or being detained and Defendant Chambers said he was not.

27.     Plaintiff inquired if he could leave and Defendant Chambers responded in the affirmative that he could leave.

28.     Plaintiff attempted to depart the room but Defendant Chambers leapt from his chair while stating that Plaintiff needed to turn over the two cell phones.

29.     Plaintiff secured the two cell phones and placed them in his pocket and stated that Defendant Chambers could obtain the warrant.

30.     Plaintiff attempted to open the door to leave the room while Defendant Chambers blocked the door from swinging open with his foot and placed his hand on Plaintiff's arm.

31.     Defendant Chambers perpetrated such offensive contact without Plaintiff's consent to block Plaintiff's egress from the room.

7

32.     Defendant Chambers' face was within several inches of Plaintiff's face during this physical encounter.

33.     Plaintiff exclaimed to the effect "are you fucking serious" and inquired if he was under arrest or being detained.  Defendant Chambers responded that he was not under arrest or being detained.  Plaintiff then applied more force to open the door and swing open.

34.     Plaintiff proceeded to walk out of the room and down the hallway.

35.     Defendant Chambers followed Plaintiff demanding that he needed the two cell phones.

36.     Plaintiff responded that Defendant Chambers should get a search warrant and continued walking down the hallway to leave the police department.

37.     Plaintiff attempted to open a door to exit the hallway and Defendant Chambers once again obstructed the swinging of the door open with his foot to block Plaintiff's egress.

38.     During this interaction, Defendant Chambers also grabbed Plaintiff's arm and swung him into a wall and pinned him against it while using his other hand to remove the two cell phones from Plaintiff's pocket.  Plaintiff exclaimed to the effect "how is this legal" and that Defendant Chambers was "strong arming him" to confiscate the phones.

39.     Defendant Chambers instructed Plaintiff that he could leave the building after confiscating the two cell phones.

40.     There were two or more officers in the hallway to observe this incident.  Upon information and belief, these two officers witnessed the incident.

41.     Upon information and belief, these two officers failed to comply with Defendant HPD policy 03.01.8 by intervening to stop the illegal use of force, detention, and seizure of

property; and failure to report incident to proper chain of command. Such acts and/or omissions were condoned and/or ratified by Defendant(s) HPD and Hendersonville.

42.    Plaintiff did not threaten to destroy or delete any information on the cell phones.

43.    Defendant Chambers had no articulable facts to support the reasonable suspicion or probable cause of the existence of illegal content and/or evidence of illegal activity on either cell phone.

44.    Defendant Chambers has not provided any facts that either cell phone was the instrument or means of committing any criminal offense.

45.    There existed no legal exigent circumstances justifying the confiscation and seizure of the two cell phones.

46.    Upon information and belief, Defendant(s) have not acquired a search warrant to confiscate or seize the two cell phones.

47.    Upon information and belief, Defendant(s) have not acquired a search warrant to perform a forensic search of any content or data on either cell phone.

48.    Defendant(s) confiscated and have retained Plaintiff's cell phones far longer than necessary to seek or obtain a search warrant, even assuming the detention, seizure, or confiscation was otherwise justified.

49.    Defendant(s) have not provided any written notice to Plaintiff that a search warrant has been obtained to perform a forensic search of digital information on either cell phone.

50.    Defendant(s)' policies do not recognize the unique nature of cell phones as digital storage and access devices or distinguish between cell phones and other forms of impounded property, for example a weapon used in an assault, that do not contain or reveal immense amounts of personal, sensitive, or proprietary data.

9

51. Defendant HPD's own policy 01.19.2 states "HPD officers are expected to maintain the highest standards of conduct. Officers shall conduct themselves properly and professionally, on or *off* duty." Defendant Chambers failed to comply with this policy by his acts and/or omissions alleged herein.

52. Defendant HPD's own policy or "code of ethics" 1.1.2 states "As a law enforcement officer, my fundamental duty is to serve mankind; to safeguard lives and property; to protect the innocent against deception, the weak against oppression or intimidation, and the peaceful against violence or disorder; and to respect the Constitutional rights of all men to liberty, equality, and justice." Defendant Chambers violated Plaintiff's constitutional rights and Defendant(s) HPD and Hendersonville have permitted it.

53. Plaintiff drafted a formal complaint which was submitted to Defendant(s) by counsel for Plaintiff and by Plaintiff directly to Defendant HPD.

54. Defendant HPD failed to comply with their own internal policy or procedure order 01.19.1-5 by failing to perform an internal investigation and providing notice to Plaintiff of the findings.

55. Defendant HPD's policy 01.06.2 states "It is the policy of the Hendersonville Police Department to conduct searches in compliance with the provisions of the U.S. Constitution, State laws, and applicable court decisions. This department recognizes that the use of searches without a warrant may, under certain conditions, be necessary to protect the safety of officers and civilians; to detect and secure evidence of criminal activity; and to safeguard the security, safety and related interests of prisoner detention and holding facilities. Recognizing the intrusiveness of these searches on individual privacy, however, it is the policy of this department that such searches shall be conducted only with proper authority and justification, with due recognition for the human

dignity of those being searched and in accordance with the procedural guidelines for conducting such searches as set forth in this policy."

56.     Defendant Chambers violated Defendant HPD's policy 01.06.2 as there was no evidence sufficient to "detect and secure evidence of criminal activity" or "proper authority and justification" to conduct such a search.

57.     Defendant HPD policy 04.06.6 states "law enforcement may seize any illegal contraband or evidence of a crime that is in plain view" and that the "incriminating nature of the object(s) must be immediately apparent or there is probable cause to believe the object has evidentiary value."  Defendant Chambers did not observe anything incriminating that was immediately apparent or have any articulable facts to support probable cause that there was anything with evidentiary value on either cell phone.

58.     Defendant HPD has lengthy policies on use of force as stated in policies 03.01.1-17.  Defendant Chambers violated numerous policies prescribed by Defendant HPD including but not limited to subsections 03.01.2, 03.01.03 (no exigent circumstances of evidence destruction), and/or 03.01.04 (no circumstances present permitting any use of force).

59.     Upon information and belief, Defendant Chambers did not comply with policy 03.01.10 regarding use of force and memorializing such incident by drafting a "use of force" report about what occurred.

60.     Upon information and belief, Defendant(s) HPD and Hendersonville failed to comply with policy 03.01.11 by failing to perform a use of force investigation.

61.     All of the acts and/or omissions and policy violations averred above were condoned and/or ratified by Hendersonville Police Chief Jim Jones, Defendant HPD, and Defendant Hendersonville.

62. No criminal charges have been filed against Plaintiff.

## COUNT 1

## UNLAWFUL SEIZURE, DETENTION, AND EXCESSIVE FORCE IN

## VIOLATION OF FOURTH AMENDMENT BY DEFENDANT CHAMBERS

## 42 U.S.C. § 1983

63. Plaintiff restates and incorporates by reference herein the allegations averments in the above paragraphs as if specifically set out.

64. Plaintiff has a constitutional right to be free from unlawful searches, seizures, and arrest without probable cause. Defendant Chambers' s acts were conducted without a search warrant or legal justification and such acts are unlawful and a violation of each and every Plaintiff's Fourth Amendment Rights.

65. As a general principle, a person is seized under the Fourth Amendment when there has been "a meaningful interference with his freedom of movement."

66. Defendant Chambers unlawfully detained and/or conducted a seizure of Plaintiff by physically assaulting, battering, and restraining him without a warrant, probable cause, evidence of a crime being committing, or reasonable suspicion of criminal activity.

67. Such acts constitute excessive force and the physical force applied to retain the phones was not reasonable or justified.

68. Defendant Chambers was acting under the color of State law while detaining Plaintiff.

69. Defendant Chambers detention and seizure of Plaintiff deprived Plaintiff of his liberty.

70. Defendant Chambers detention and seizure of Plaintiff was in reckless disregard of Plaintiff's rights.

71. At all times, Plaintiff enjoyed reasonable right to and expectation of privacy of his person and personal effects.

## COUNT 2

## UNLAWFUL SEARCH AND SEIZURE OF PERSONAL PROPERTY IN VIOLATION OF FOURTH AMENDMENT BY DEFENDANT CHAMBERS

## 42 U.S.C. § 1983

72. Plaintiff restates and incorporates by reference herein the allegations averments in the above paragraphs as if specifically set out.

73. Plaintiff has a constitutional right to be free from unlawful searches and seizures of his personal property without probable cause. Defendant Chambers's acts were conducted without a search warrant or legal justification and such acts are unlawful and a violation of each and every Plaintiff's Fourth Amendment Rights.

74. To determine whether a Fourth Amendment "search" has occurred, courts typically apply the "reasonable expectation of privacy" test derived from Katz v. United States 389 U.S. 347 (1967). Under the Katz test, a Fourth Amendment "search" occurs when the government violates a person's expectation of privacy that society recognizes as reasonable or legitimate.

75. By confiscating, retaining, and searching Plaintiff's phones for a prolonged time after without a warrant, consent, judicial review, or exigent circumstances, Defendant Chambers violated or is violating Plaintiff's Fourth Amendment rights against unreasonable seizure of her property, papers, or effects.

76.     Plaintiff had a reasonable expectation of privacy and Defendant Chambers' acts of confiscating, retaining, and searching Plaintiff's two phones for prolonged times constitute an invasion of Plaintiff's privacy.

77.     Defendant Chambers unlawfully confiscated and seized personal property of Plaintiff by physically assaulting, battering, and restraining him without a warrant, probable cause, evidence of a crime being committing, or reasonable suspicion of criminal activity.

78.     Defendant Chambers was acting under the color of State law while detaining Plaintiff and performing this unlawful confiscation and seizure of personal property.

79.     Defendant Chambers' confiscation and seizure of Plaintiff's personal property deprived Plaintiff of his liberty.

80.     Defendant Chambers' confiscation and seizure of Plaintiff's personal property was in reckless disregard of Plaintiff's rights.

81.     Defendant Chambers' confiscation and seizure of Plaintiff's personal property deprived Plaintiff of a protected property interest.

## COUNT 3

## DUE PROCESS VIOLATION OF FOURTEENTH AMENDMENT BY

## DEFENDANT CHAMBERS 42 U.S.C. § 1983

82.     Plaintiff restates and incorporates by reference herein the allegations averments in the above paragraphs as if specifically set out.

83.     Defendant Chambers was acting under the color of State law while detaining Plaintiff and performing this unlawful confiscation and seizure of personal property.

84.     By confiscating and retaining Plaintiff's cell phones for a prolonged time without judicial review or other notice and opportunity for hearing before a neutral magistrate, Defendant

Chambers has violated or is violating Plaintiff's Fourteenth Amendment rights to due process of law.

85.    Defendant Chambers' confiscation and prolonged seizure of Plaintiff's personal property deprives Plaintiff of a protected property interest.

## MUNICIPAL LIABILITY MONEL CLAIM COUNTES

## COUNTS 4-6 SET FORTH BELOW

86.    The violations of Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution, and the resulting damages, were directly and proximately caused by the actions and/or inactions of Defendant(s) HPD and Hendersonville, which have encouraged, tolerated, ratified, and has been deliberately indifferent to policies, patterns, practices, and customs, and to the need for more or different training, supervision, investigation, or discipline as to related to the acts and/or omissions alleged herein.

87.    All reasonable public officials are required to know the well-settled law they enforce and the constitutionally protected rights they have sworn to uphold.

88.    By adopting an employee's action as its own (what is called "ratification"), a public employer becomes the author of the action for purposes of liability under section 1983. The subsequent acceptance of dangerous recklessness by the policymaker tends to prove his preexisting disposition and policy.

89.    Defendant Hendersonville exercises control over the policies, training, and practices of Defendant HPD.

90.    Defendant HPD training, policies, and procedures as provided to Plaintiff by Defendant(s) do not define the constitutional requirements for an officer to detain a person or seize their property, i.e. "probable cause."

91. Defendant HPD training, policies, and procedures as provided to Plaintiff by Defendant(s) do not define the constitutional requirements for an officer to detain a person's cell phones or even further that which is required to perform a search of cell phones. Cell phones are a common item of personal property acquired during an incident to arrest. There are no guidelines prescribed for pursuing a warrant for cell phones or to search for digital information on cell phones.

92. Defendant HPD training, policies, and procedures as provided to Plaintiff by Defendant(s) do not define the constitutional requirements for an officer to apply physical contact or use of force upon another person who is not subject to arrest.

## COUNT 4

## UNLAWFUL SEIZURE, DETENTION, AND EXCESSIVE FORCE IN VIOLATION OF FOURTH AMENDMENT DEFENDANT(S) HPD AND HENDERSONVILLE

### 42 U.S.C. § 1983

93. Plaintiff restates and incorporates by reference herein the allegations averments in the above paragraphs as if specifically set out.

94. Defendant(s) HPD and Hendersonville are liable for violating Plaintiff's Fourth Amendment rights because the violations as alleged herein were caused by their official policies or settled customs and practices.

95. Defendant(s) HPD and Hendersonville are liable for violating Plaintiff's Fourth Amendment rights because the violations as alleged herein were caused by their deliberately indifferent failure to train officers or prevent officers from committing such violations.

## COUNT 5

## UNLAWFUL SEARCH AND SEIZURE OF PERSONAL PROPERTY IN

## VIOLATION OF FOURTH AMENDMENT DEFENDANT(S) HPD AND

## HENDERSONVILLE 42 U.S.C. § 1983

96. Plaintiff restates and incorporates by reference herein the allegations averments in the above paragraphs as if specifically set out.

97. Defendant(s) HPD and Hendersonville are liable for violating Plaintiff's Fourth Amendment rights because the violations as alleged herein were caused by their official policies or settled customs and practices.

98. Defendant(s) HPD and Hendersonville are liable for violating Plaintiff's Fourth Amendment rights because the violations as alleged herein were caused by their deliberately indifferent failure to train officers or prevent officers from committing such violations.

## COUNT 6

## DUE PROCESS VIOLATION OF FOURTEENTH AMENDMENT

## DEFENDANT(S) HPD AND HENDERSONVILLE 42 U.S.C. § 1983

99. Plaintiff restates and incorporates by reference herein the allegations averments in the above paragraphs as if specifically set out.

100. By confiscating and retaining Plaintiff's cell phones for a prolonged time without judicial review or other notice and opportunity for hearing before a neutral magistrate, Defendant(s) HPD and Hendersonville have violated or are violating Plaintiff's Fourteenth Amendment rights to due process of law.

101.     Defendant(s) HPD and Hendersonville are liable for violating Plaintiff's Fourteenth Amendment rights because the violations as alleged herein were caused by their official policies or settled customs and practices.

102.     Defendant(s) HPD and Hendersonville are liable for violating Plaintiff's Fourteenth Amendment rights because the violations as alleged herein were caused by their deliberately indifferent failure to train officers or prevent officers from committing such violations.

## COUNT 7

## COMMON LAW CLAIM OF BATTERY

## DEFENDANT CHAMBERS

103.     Plaintiff restates and incorporates by reference herein the allegations averments in the above paragraphs as if specifically set out.

104.     Plaintiff avers that the intentional, fraudulent, and unlawful assault and/or contact upon him without his consent by Defendant Chambers constitutes the tort of battery in that such harmful and offensive contact was the direct and proximate cause which inflicted anxiety, emotional harm, physical harm, and damages upon Plaintiff.

## COUNT 8

## COMMON LAW CLAIM OF ASSAULT

## DEFENDANT CHAMBERS

105.     Plaintiff restates and incorporates by reference herein the allegations averments in the above paragraphs as if specifically set out.

106.     Plaintiff avers that the intentional, fraudulent, and unlawful assault and/or contact upon him without his consent and permission by Defendant Chambers constitutes the tort of assault in that he was under a reasonable and immediate apprehension of fear of an immediate battery by

18

Defendant Chambers. Such an immediate apprehension of fear was the direct and proximate cause which inflicted anxiety, emotional harm, physical harm, and damages upon Plaintiff.

## COUNT 9

## COMMON LAW CLAIM OF FALSE IMPRISONMENT

## DEFENDANT CHAMBERS

107. Plaintiff restates and incorporates by reference herein the allegations averments in the above paragraphs as if specifically set out.

108. Plaintiff averts that the intentional and unlawful assault and/or contact and/or unlawful confinement or restraint of Plaintiff without his consent by Defendant Chambers constitutes the tort of false imprisonment by Defendant Chambers. Defendant Chambers perpetrated the unlawful restraint of Plaintiff's individual liberty and/or freedom of movement without consent or legal justification within boundaries fixed by Defendant Chambers. Plaintiff was conscious of such confinement and these acts were the direct and proximate cause inflicting anxiety, emotional harm, physical harm, and damages upon Plaintiff.

## COUNT 10

## COMMON LAW CLAIM OF INVASION OF PRIVACY RESTATEMENT

## (SECOND) OF TORTS § 652A

## DEFENDANT CHAMBERS

109. Plaintiff restates and incorporates by reference herein the allegations averments in the above paragraphs as if specifically set out.

110. Plaintiff had a reasonable expectation of privacy as to his person and the assault, battery, and offensive contact perpetrated by Defendant Chambers constitute an invasion of Plaintiff's privacy.

111. Plaintiff had a reasonable expectation of privacy and Defendant Chambers' acts of confiscating, retaining, and searching Plaintiff's two cell phones for prolonged times constitute an invasion of Plaintiff's privacy.

112. Plaintiff had sensitive material on one phone that involved previous romantic relationships not pertaining to the subject matter for which Defendant Chambers was seeking to investigate. Defendant Chambers was seeking information about alternative subject matter.

113. Defendant Chambers intentionally intruding into Plaintiff's physical space of his person or body, solitude, seclusion, or private affairs constitute the tort of invasion of privacy. Such intrusion would be highly offensive to a reasonable person.

114. An intrusion upon seclusion claim is "more private and intimate" than the other invasion of privacy claims.

115. Plaintiff has sustained actual damages and Defendant Chamber's intentional and willful acts of such intrusion are the direct and proximate cause of such damages. However, Plaintiff is not required to submit a showing of actual damages as an essential element. Jones v. Life Care Centers of America d/b/a Life Care Center of Tullahoma, No. M2022-00471-COA-R3-CV (Tenn. Ct. App. May 16, 2023).

## COUNT 11

## COMMON LAW CONVERSION OF PERSONAL PROPERTY

## DEFENDANT CHAMBERS

116.     Plaintiff restates and incorporates by reference herein the allegations averments in the above paragraphs as if specifically set out.

117.     Conversion is the appropriation of tangible property to a party's own use in exclusion or defiance of the owner's rights. *Barger v. Webb*, [391 S.W.2d 664, 665 (Tenn. 1965)]; *Lance Prods., Inc. v. Commerce Union Bank*, 764 S.W.2d 207, 211 (Tenn. Ct. App. 1988).

118.     Defendant Chambers' confiscation, seizure, and prolonged retention of Plaintiff's two cell phones the constitutes an (1) appropriation of another's property to one's own use and benefit, (2) by the intentional exercise of dominion over it, (3) in defiance of the true owner's rights.

119.     Defendant Chambers' act constitute the intentional tort of conversion.

## COUNT 12 RECOVERY OF PHONES

## ALL DEFENDANTS

120.     Plaintiff restates and incorporates by reference herein the allegations averments in the above paragraphs as if specifically set out.

121.     Plaintiff is entitled to possession and immediate return of the two cell phones.

122.     Defendant(s) are in wrongful possession of the two cell phones.

123.     Plaintiff demanded return of the two cell phones.

124.     Defendant(s) have failed to return the phones.

## INJURIES AND DAMAGES

125.     Plaintiff restates and incorporates by reference herein the allegations averments in the above paragraphs as if specifically set out.

126.     Plaintiff seeks recovery of the damages sustained as a direct and proximate result of one or all of the aforesaid acts and/or omissions of the Defendant(s) which include but are not limited to:

        a.     Physical pain and mental/emotional distress referenced herein both past and future;

        b.     Inability to enjoy the normal pleasures of life both past and future;

        c.     Such other emotional harm including fright, shame, and mortification from the indignity and disgrace, consequent upon such an illegal detention, assault, and invasion of privacy;.

        d.     Nominal damages;

        e.     Such other damages permitted by federal and/or state law;

        f.     Punitive damages against Defendant Chambers based upon his intentional and reckless conduct.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief against Defendant(s):

1.     Process be issued and that each Defendant be required to respond within the time provided by the Federal Rules of Civil Procedure;

2.     Declaratory judgment or such other declaration be entered by this Court that the detention and assault of Plaintiff and/or retention of Plaintiff's cell phones without warrant, consent, exigent circumstances, or judicial review was unlawful;

3.     Immediate return of the two cell phones and any digital information recovered be permanently deleted without possible recovery or retention;

4.     Enjoining Defendant(s) and Defendant(s)' officers, agents, servants, and employees and any other persons who are in active concert or participation with any of the foregoing persons from maintaining possession of any data or information obtained from searching Plaintiff's cell phones;

5.     Entering an order voiding any warrant, order, or process issued for the search of Plaintiff's cell phones and compelling destruction of any information obtained in violation of the Tennessee Constitution or United States Constitution;

6.     Compensatory damages with pre and post judgment interest to Plaintiff due to Defendant(s)' unlawful actions in an amount not less than $300,000.00 or to be determined;

7.     Punitive damages to Plaintiff in an amount to be determined;

8.     Award to Plaintiff the costs and disbursements of this action, including reasonable attorneys' fees, costs, and expenses;

9.     Attorney's fees pursuant to Fed. R. Civ. P. 54, 42 U.S.C. § 1988, and/or any other applicable rule or law;

10.     Such other and further legal or equitable relief to which Plaintiff may be entitled as the Court deems proper and/or under such other statutory or common law;

11.     That a jury of Plaintiff's peers be empaneled to try the issues raised in this cause;

Drafted and respectfully submitted by,

/s/Roland Mumford
Roland Mumford BPR 026495
Law Offices of Roland Mumford
242 West Main Street, No. 223
Hendersonville, TN 37075
Phone: 615.348.0070
Fax: 614.246.4110
Email: roland@mumfordlaw.net
Attorney for Plaintiff